**NOT FOR PUBLICATION**

```
           UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

GBEKE MICHAEL AWALA,              :
                                  : Civil Action No. 06-2318 (JBS)
          Plaintiff,              :
                                  :
     v.                           :        **O P I N I O N**
                                  :
U.S. MARSHAL KEITH, et al.,       :
                                  :
          Defendants.             :
_____   :

    GBEKE MICHAEL AWALA, Plaintiff pro se
    #82074-054
    Federal Detention Center
    P.O. Box 562
    Philadelphia, PA 19105

SIMANDLE, District Judge:

This matter is before the Court on plaintiff's application to file a civil complaint without either an in forma pauperis application, or the requisite prepayment of the $350.00 filing fee.[1]  For the reasons set forth below, the Court is statutorily prohibited from granting in forma pauperis pauperis status to plaintiff, pursuant to 28 U.S.C. § 1915(g).  Accordingly, the Court will direct plaintiff to pay the full filing fee within 30 days.

---

[1] At the time plaintiff submitted this Complaint for filing, the filing fee was $350.00.  Effective, April 9, 2006, the civil action filing fee for district court increased to $350.00.

## I.  BACKGROUND

Plaintiff, Gbeke Michael Awala ("Awala"), is presently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania.  He asserts a general claim of physical abuse or torture, but does not allege any facts against any defendants to support the bald claim.  Awala did not prepay the $350.00 filing fee, nor did he submit a complete application to proceed in forma pauperis.  Rather, he seeks this Court to accept this action for filing, which was initially submitted for filing in the United States District Court for the District of Delaware.  That Court dismissed Awala's civil action pursuant to 28 U.S.C. § 1915(g).

## II.  DISCUSSION

The Prison Litigation Reform Act of 1995, enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ."  28 U.S.C. § 1915(g).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the

inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed at least twenty civil actions in various federal courts. More than three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A. See Awala v. Wachovia Corp., No. 05-3381 (3d Cir. Dec. 8, 2005); Awala v. People Who Want to Restrict Our First Amendment Rights, No. 05-3863 (3d Cir. Dec. 8, 2005); Awala v. Delaware River and Bay Auth. Police Dept., Civil No. 05-97-KAJ (D.Del. Dec. 15, 2005); Awala v. State of New Jersey Dept. Of Corrections, Civil No. 05-2362 (FLW)(D.N.J. Aug. 23, 2005); and Awala v. Federal Pub. Defender, No. 05-CV-281-KAJ (D.Del. Aug. 5, 2005). Thus, Awala has exceeded the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g). Therefore, as the Complaint in this action does not contain allegations reasonably suggesting that Awala is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Awala may not proceed in forma pauperis.

### III.  CONCLUSION

For the reasons set forth above, this Court finds that plaintiff is not eligible to proceed in forma pauperis in this matter.  He will be given 30 days from the date of entry of the Order accompanying this Opinion to prepay the $350.00 filing fee.  If Awala does not pay the fee within the above 30-day period, his complaint will be deemed withdrawn.  An appropriate Order follows.


                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   U.S. District Judge


Dated:     **May 31, 2006**